IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

| | |
|---|---|
| UNITED STATES | |
| v. | No. 3:23-CR-102 |
| | JUDGE VARLAN/McCOOK |
| MATTHEW ESTES | |

### REDACTED MOTION TO DISMISS

Comes the Defendant, Matthew Estes, by and through undersigned counsel, pursuant to Fed. R. Crim. P. 12; U.S. Const. Amends. V and XIV; *United States v. Lovasco*, 431 U.S. 783 (1977); *United States v. Marion*, 404 U.S. 307 (1971); Fed. R. Crim. P. 48(b)(1); and the authorities cited below and respectfully moves this Court to dismiss the indictment in this matter. The indictment is constitutionally insufficient because the Government intentionally delayed its indictment of Mr. Estes, and as a result, Mr. Estes suffered actual and substantial prejudice in violation of his Fifth Amendment due process rights under *Lovasco* and its progeny. Further, even if the Government's delay does not rise to the level of a constitutional violation, the Court should dismiss this indictment pursuant to Fed. R. Crim. P. 48(b)(1) because of the Government's unnecessary delay in presenting a charge to a grand jury.

### Background

In July 2016, Mr. Estes was arrested following an ICAC investigation into alleged sexual contact between himself and a child in 2015 and videos of the same. This investigation was reported to both state and federal officials. *See* Exhibit 1, ICAC Report, attached. Mr. Estes was

charged by Petition for Adjudication of Delinquency in the Knox County Juvenile Court because the conduct at issue occurred prior to his 18th birthday, when he was a juvenile. Mr. Estes attained the age of 18 on May 23, 2016, prior to his initial arrest, and after the occurrence of the alleged conduct underlying this and the State case.

In February 2017, Mr. Estes waived his right to a transfer hearing in Knox County Juvenile Court and was charged by information in the Knox County Criminal Court for State of Tennessee with two counts of Rape of a Child and two counts of Especially Aggravated Sexual Exploitation of a Minor under T.C.A. §39-13-522 and T.C.A. § 39-17-1005 respectively. On February 24, 2017, he waived his right to an indictment, his right to a trial by jury, and entered a guilty plea resulting in an effective sentence of 30 years at 100%. As of the time of this filing, Mr. Estes has completed approximately 25% of that sentence.

The above-mentioned ICAC Investigation was opened on May 26, 2016. On that day, and based on the information in that investigation, it was decided that "this case be opened and assigned… to investigate allegations of violations of 18 U.S.C. [§§ 2251(a); 2252A(a)(1&2); and 2252A(a)(5)(B)]." *See* Exhibit 2 at 5, FBI Investigation Memo dated 05/27/16, attached. After Mr. Estes's plea in state court, the US Attorney's Office declined to prosecute Mr. Estes because he was a minor at the time of the incident. *See Id* at 3. *See also* Exhibit 3, FBI Memo dated 2/2/18, attached.

In September of 2018, over 18 months after Mr. Estes's plea and 7 months after the U.S. Attorney's office declined prosecution, the decision was made to consider additional charges against Mr. Estes. This appears to be the result of additional images being found on October 13, 2017, that investigators claim they were unaware of at the time Mr. Estes pled guilty. *See* Exhibit 4 at 2, ICAC Report Supplement at 2, and Exhibit 5, FBI Memo dated 9/6/2018 attached. These

"new" images were alleged to have been recorded on February 9 and 10, 2016, prior to Mr. Estes's initial arrest and prior to his 18th birthday. ICAC Investigator Williams was made aware of at least one of these additional images in October 2017 and notified Investigator Line who had also participated in the initial investigation of Mr. Estes on both the State prosecution and federal investigation. *See* Exhibit 4, at 3. Subsequently, in January 2018 Investigator Line claimed Mr. Estes's State conviction as a statistical accomplishment with the FBI. *See* Exhibit 3.

Despite the discovery of the files in 2017, and the reconsideration of the file in September 2018, it was not until nearly 6 years after those files were discovered, on October 4, 2023, that Mr. Estes was indicted in the Eastern District of Tennessee on these allegations. For the reasons stated below, this delay demands the dismissal of this indictment.

1. **This indictment violates Mr. Estes's due process rights under the Fifth Amendment of the Constitution because the Government intentionally delayed the indictment for a tactical advantage, and Mr. Estes was actually and substantially prejudiced by this delay.**

In general, the statute of limitations for an offense is "the primary guarantee against bringing overly stale criminal charges." *United States v. Marion*, 404 U.S. 307, 322 (1971). However, the "statute of limitations does not fully define [defendants'] rights with respect to the events occurring prior to indictment," *Id.* at 324. In fact, beyond the statute of limitations, the "Due Process Clause [also] has a limited role to play in protecting against oppressive delay." *United States v. Lovasco*, 431 U.S. 783, 789 (1977). The 6th Circuit read this as requiring the defendant to show two things in a motion to dismiss based on pre-indictment delay: substantial prejudice to his right to a fair trial and that the delay was an intentional device by the Government to gain a tactical advantage. *United States v. Brown*, 959 F.2d 63, 66 (6th Cir. 1992).

The Juvenile Delinquency Act discourages federal prosecutions of persons for conduct committed while they were a juvenile and provides certain safeguards. These safeguards include

the right not to be tried criminally for a violation of the law without the express certification of the Attorney General. 18. U.S.C. §5032. Such certifications are only allowed where "(1) the juvenile court or other appropriate court of a State does not have jurisdiction or refuses to assume jurisdiction over said juvenile with respect to such alleged act of juvenile delinquency, (2) the State does not have available programs and services adequate for the needs of juveniles, or (3) the offense charged is a crime of violence that is a felony or an offense described in [specific statutes not at issue in this case]" *Id*.

Among these important safeguards is the jurisdiction of a State court over juvenile conduct. *Id.* In the instant case, Mr. Estes was prosecuted by a juvenile court, and subsequently by waiver a Criminal Court of the State. The United States was aware of Mr. Estes's state investigation and prosecution, as the same case agent was involved from the early on in the investigation, and that investigation included substantially similar conduct. Yet, more than six years elapsed before the United States reconsidered declination of prosecution and secured a federal indictment against Mr. Estes. The United States did not proceed under the Juvenile Delinquency Act and reversed its previously stated course not to prosecute Mr. Estes.

Mr. Estes suffered additional prejudice as a result of this delayed indictment. As a result of the delay, Mr. Estes's ability to present a defense is also prejudiced. Documents relating to Mr. Estes's location at the time of the offense, as alleged in the indictment, have gone missing or have been deleted, key witnesses such as his parents, employers, and others who may have possessed information about Mr. Estes's whereabouts on the date charged have also had their memories fade or may no longer be locatable. All of this substantially prejudices Mr. Estes's ability to put on evidence in the form of an alibi in this case. Accordingly, Mr. Estes was substantially prejudiced by the Government's delay.

Page 4 of 7

Case 3:23-cr-00102-TAV-JEM    Document 40    Filed 08/06/24    Page 4 of 7    PageID #: 111

The Government's delay was intentional, and it was in order to gain a tactical advantage. The facts in this case show that the U.S. Attorney's Office was aware of the existence of the images at issue in this case, at a minimum, over 5 years prior to indictment. See Exhibit 1 ICAC Supplement and 4. [FBI Investigation Memo]. Further, they initially declined to prosecute specifically *because Mr. Estes was a minor when the alleged actions occurred*. Exhibit 3, [FBI Report 02/02/2018]. The U.S. Attorney's Office had access to the evidence in 2017 and based on the fact that Mr. Estes was sentenced to thirty years by a State Court, any attempt by the Government to assert that a 5-year delay for further investigation is unpersuasive.

The tactical advantage is clear from the prejudice it caused Mr. Estes. The investigation was reopened in 2018 when Mr. Estes was still under the age of 21, and the alleged acts occurred when Mr. Estes was a minor. Due to the delay, the Government no longer has to follow the procedures set forth in the Juvenile Delinquency Act. Accordingly, the court should find that the Government intentionally delayed presenting an indictment for the purpose of gaining a tactical advantage in their case against Mr. Estes, satisfying that prong of *Lavasco*.

Because the delay substantially prejudiced Mr. Estes's ability to put on a sufficient defense against the allegations, because Mr. Estes lost the rights he had under the JDA, and because the Government intentionally and inexcusably delayed bringing this case against Mr. Estes in order to gain a tactical advantage, the Court should dismiss the indictment for violating Mr. Estes's due process rights granted by the Fifth and Fourteenth Amendments of the U.S. Constitution.

**2. This indictment should be dismissed under Fed. R. Crim. P. 48(b) due to the Government's unnecessary delay in presenting the indictment to a grand jury.**

In the case that the Court does not find the Government's delay an unconstitutional violation of Mr. Estes's due process rights, it should still dismiss the indictment under Fed. R. Crim. P. 48(b) because the Government held information pertaining to the alleged charges for over 5 years before presenting the charges to a grand jury. In relevant part, Fed. R. Crim. P. 48(b) states "The court may dismiss an indictment, information, or complaint if unnecessary delay occurs in… presenting a charge to a grand jury[.]" Further, in *United States v. Henry*, the district court of Arizona found a pre-indictment delay of four years and seven months to be "egregious." 815 F. Supp. 325, 328 (D. Ariz. 1993). In that case, the court noted that the Government has a "relatively uncomplicated case" that had "languished unattended in the prosecutor's office" *Id.* at 327.

Such a lengthy pre-indictment delay is also egregious in Mr. Estes's case. While the exact length of time between the investigation beginning and the Government deciding to present the case to a grand jury is unclear, what is clear is that the Government had knowledge of the general allegations against Mr. Estes as early as 2016 and possessed at least one of the videos at issue in 2017. It is also clear that the Government declined to prosecute Mr. Estes due to his age at the time of the alleged conduct and the charges in the State of Tennessee initiated in the juvenile court. Mr. Estes was not indicted until October 7, 2023, over six years after the Government first knew of allegations against Mr. Estes and nearly seven years after his initial arrest in 2016 by State authorities involved in the federal investigation Further, while the charges are serious, based on the evidence the Government has provided in discovery, the government's proof is a "relatively uncomplicated case." Additionally, the court should also consider the prejudice Mr. Estes is facing and has laid out above when considering dismissal under Rule 48(b).

Accordingly, because of the Government's knowledge of the images at issue in this case as early as 2017, their reopening of the investigation in 2018 after declination of prosecution, and their failure to present the charges to a grand jury until 2023, there was an unnecessary delay in presenting the charges to a grand jury and the Court should dismiss the indictment against Mr. Estes.

## Conclusion

The Government's delay in presenting this case violates Mr. Estes's rights under both the Fifth Amendment and the Federal Rules of Criminal Procedure. The Government intentionally delayed presenting the indictment in order to gain a tactical advantage and Mr. Estes was actually and substantially prejudiced by this delay. Accordingly, the Court should dismiss the indictment for violating Mr. Estes's due process rights. In the alternative, the court should dismiss the indictment pursuant to Fed. R. Crim. P. 48(b)(1) because of the Government's unnecessary delay in presenting charges to the Grand jury where they had knowledge of the images for over 5 years before presenting the charges.

Respectfully submitted, this the 1st of August, 2024.

*s/ Loretta G. Cravens*
David M. Eldridge, Esq. BPR # 012408
Loretta G. Cravens, Esq. BPR # 023576
Eldridge & Cravens, P.C.
400 W. Church Ave., Ste 101
Knoxville, TN 37902
(865) 544-2010
(865) 544-2015 (fax)
deldridge@ecattorneys.law
lcravens@ecattorneys.law

*Attorneys for Matthew Estes*