UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 3:23-CR-102 |
| v. | ) |
| | ) JUDGE VARLAN |
| MATTHEW ESTES | ) |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, MATTHEW ESTES, and the defendant's attorney, David M. Eldridge, have agreed upon the following:

1. The defendant will plead guilty to counts one and two of the indictment. Counts one and two charge the defendant with Exploitation of a Child in violation of Title 18 U.S.C. § 2251(a). The punishment for this offense is as follows: A term of imprisonment of not less than 15 years nor more than 30 years per count, a term of supervised release of not less than 5 years up to life, a fine up to $250,000.00, up to $50,000.00 in a special assessment fee, a $5,000.00 fine and a $100 special assessment, forfeiture, and restitution.

2. In consideration of the defendant's guilty plea(s), the United States agrees to move the Court at the time of sentencing to dismiss the remaining counts against the defendant in this indictment.

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crime(s) charged. Specifically, the elements of the offenses are as follows:

   a) The defendant employed, used, persuaded, induced, or enticed an individual to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, or attempted to do so.

   b) That the individual was a minor at the time.

c) That the depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

On October 13, 2017, in the Eastern District of Tennessee, the Knoxville Police Department -Internet Crimes against Children (KPD-ICAC) was contacted by the Royal Canadian Mounted Police about a video of the defendant raping a 16-month-old victim. The video was created using the defendant's Apple iPad. (Apple iPads are made outside of Tennessee and therefore affect interstate commerce when utilized in Tennessee.) The video was posted on the dark web on a Tor website, known as "HurtMeh." The video was located on the discussion board titled, "Toddler being pummeled without any regard to his well-being."

The video is five minutes and 12 seconds long. The video begins with a room now identified as the room above the garage where the defendant lived in Knoxville, Tennessee. The video depicts the defendant holding the victim in his arms, both nude from the waist down. Defendant places victim on victim's back on a bed and forces his legs apart. Defendant lays on the victim and forcibly sodomizes the victim then moves the victim onto his side continuing to forcibly sodomize the victim. At the four minute, seven second mark, defendant appears to ejaculate into the anus of the victim. The defendant then uses a small towel and wipes the victim's anal area before redressing himself in his pajama bottoms, walking over to the iPad, and appears to turn it off.

On May 15, 2017, KPD-ICAC, received a video from the Santa Barbara County District Attorney's Office. The video had been located during a forensic examination of a suspect charged with

2

possessing child pornography. The video contained EXIF data. The EXIF data showed the video had been created on February 10, 2016, at 1:31:39 at the exact coordinates of the defendant's home in Knoxville Tennessee, by the defendant's Apple iPad.

The video is one minute and 19 seconds in length and depicts the defendant sitting down in front of the iPad. He is holding the victim around the waist; both are naked from the waist down. Defendant forces his erect penis into the anus of his victim and defendant continues to penetrate his victim. The defendant then holds the victim's legs with his right hand while using his left hand to keep his penis in the victim's anus. The defendant rolls the victim on his right side and discovers what appears to be blood coming from the victim's anus and uses a small towel to wipe the blood from the victim's anus. The victim still screaming and crying, tries to crawl away as the defendant is pulling on his pajama bottoms.. Defendant walks to the iPad and turns it off.

5. The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

   a) the right to plead not guilty;

   b) the right to a speedy and public trial by jury;

   c) the right to assistance of counsel at trial;

   d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

   e) the right to confront and cross-examine witnesses against the defendant;

   f) the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

   g) the right not to testify and to have that choice not used against the defendant.

3

6. The parties agree that the appropriate disposition of this case would be the following as to each count:

a) The Court may impose any lawful term(s) of imprisonment, any lawful fine(s), and any lawful term(s) of supervised release up to the statutory maximum(s);

b) The Court will impose special assessment fees as required by law; and

c) The Court may order forfeiture as applicable and restitution as appropriate.

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea(s). The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence investigation report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

8. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the

4

defendant's offense(s), including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

9. The defendant agrees to pay the special assessment in this case prior to sentencing.

10. Unless otherwise limited by an agreed preliminary order of forfeiture, the defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, which are in the possession or control of the defendant or the defendant's nominees that were used and intended to be used in any manner or part to commit and to facilitate the commission of a violation of Title 18, United States Code Section 2253, and/or any and all assets and property, or portions thereof, subject to forfeiture as proceeds of the defendant's criminal activities which are in the possession or control of the defendant or the defendant's nominees.

The defendant agrees to forfeit the defendant's interest in the following properties: Apple iPhone and Apple iPad.

The defendant further agrees to assist the United States fully in the identification, recovery, and return to the United States of any other assets or portions thereof subject to forfeiture. The defendant further agrees to make a full and complete disclosure of all assets over which the defendant exercises control and those which are held or controlled by a nominee. The defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and the signing of any other documents necessary to effectuate such transfers. The defendant agrees not to object to any civil or

criminal forfeiture brought against these properties. The defendant agrees to take all such steps to locate such property and to pass title to the United States before the defendant's sentencing.

In the event a money judgment forfeiture is ordered, the Defendant agrees to send all money judgment payments to the United States Marshals Service. Defendant also agrees that the full money judgment amount shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody, the defendant agrees that the Bureau of Prisons will have the authority to establish payment schedules to ensure payment of the money judgment. The defendant further agrees to cooperate fully in efforts to collect on the money judgment by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of the money judgment without notifying defendant's counsel and outside the presence of the defendant's counsel.

11. The defendant agrees that the Court shall order restitution, pursuant to any applicable provision of law, for any loss caused to: (1) the victim(s) of any offense charged in this case (including dismissed counts); and (2) the victim(s) of any criminal activity that was part of the same course of conduct or common scheme or plan as the defendant's charged offense(s).

12. Financial Obligations. The defendant agrees to pay all fines and/or restitution to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of

6

federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

    a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

    b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

    c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

13. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the

7

offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

a) The defendant will not file a direct appeal of the defendant's conviction(s) or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

b) The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c) The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

14. The defendant acknowledges that the defendant has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: (1) where the defendant resides; (2) where the defendant is employed; and (3) where the defendant is a student. The defendant understands that the requirements for registration include providing: (1) the defendant's name; (2) residence address; and (3) the names and addresses of any places where the

defendant is, or will be, an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student not later than three business days after any change of name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations will subject the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by imprisonment, a fine, or both.

15. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

16. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though

there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

17. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

8/26/2024
Date

By: *[signature]*
Jennifer Kolman
Assistant United States Attorney

8/23/24
Date

*[signature]*
Matthew Estes
Defendant

8/23/24
Date

David M Eldridge w/ perm
*[signature]*
David M. Eldridge
Attorney for the Defendant

10